IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

FELICIA JOHNSON

    Plaintiff,

vs.                                                                             No. 16-2587-SHL-dkv

WILLIAM OLDHAM, SHERRIFF, and
SHELBY COUNTY SHERIFF'S OFFICE

    Defendant.
_____

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
_____

On July 15, 2016, the plaintiff, Felicia Johnson ("Johnson"), filed a *pro se* complaint against Shelby County Sheriff William Oldham and the Shelby County Sheriff's Office (collectively "the Defendants"),[1] alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Compl.,

---

[1]Johnson does not specify whether Sheriff Oldham is sued in his individual or official capacity and it is not clear from the allegations in the complaint. Individuals are not subject to suit under Title VII, and therefore claims against Oldham in his individual capacity should be dismissed. *See Wathen v. General Elec. Co.*, 115 F.3d 400, 404 (6 th Cir. 1997)("We now hold that an individual employee/supervisor . . . may not be held personally liable under Title VII."). It can be assumed that Sheriff Oldham is being sued in his official capacity, which is tantamount to a suit against Shelby County. *See Hawks v. Jones*, 105 F.Supp. 2d 718, 722 (E.D. Mich. 2010); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)(citation omitted). Johnson's claims against the Shelby County Sheriff's Office are also construed as claims against Shelby County because the Sheriff's office is not an entity subject to suit.

ECF No. 1.) Johnson paid the case initiation fee. (ECF No. 2.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Now before the court is the Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (ECF No. 15.) Johnson has not filed a response and the time to file a response has expired. For the reasons that follow, it is recommended that Johnson's retaliation and gender discrimination claims against the Defendants be dismissed for failure to state a claim upon which relief may be granted.

## I. PROPOSED FINDINGS OF FACT

Johnson was hired by the Sheriff's Office as a Deputy Jailer on October 30, 1991. (Compl. ¶ 9(a), ECF No. 1.) She alleges that on May 3, 2013, she had a severe asthma attack while processing an inmate who smelled strongly of smoke. (*Id.* at ¶¶ 9(c)-(i).) She was hospitalized for three days. (*Id.* at ¶ 9(i).) Johnson had another asthma attack on July 22, 2013, but "she was able to control this one and remained at work." (*Id.* at ¶ 9(p).) On July 23, 2013, Johnson indicated that she was not allowed to take a break, but male employees were allowed to take breaks. (*Id.* at ¶ 9(r).) She "was told that she was

denied a break because of the use of razor orange to strip and wax the floors." (*Id.* at ¶ 9(s).) Johnson later alleges that "razor orange" is a solution that is dangerous to her health. (*Id.* at ¶¶ 9(bb), (dd), (ee), (jj)-(nn).) Johnson had another asthma attack on August 15, 2013 and she was taken to the emergency room. (*Id.* at ¶¶ 9(z)-(aa).)

On July 23, 2013, Johnson claims that she had a meeting with management "to discuss ways to prevent her from coming into contact with razor orange." (*Id.* at ¶ 9(t).) It appears as though the conversation failed, because on August 14, 2013, Johnson filed a discrimination complaint with the Tennessee Human Rights Commission ("THRC") "for failure to provide a reasonable accommodation in violation of Title I of the Americans with Disability Act in connection with her asthma attack." (*Id.* at ¶ 9(y).) Johnson's THRC complaint was transferred to the EEOC on September 3, 2013. (*Id.* at ¶ 9(hh).)

Johnson alleges that she "received disciplinary notice on August 30, 2013 that she would be written up for leaving work without permission on August 15, 2013 when she had an asthma attack." (*Id.* at ¶ 9(gg).) Johnson further asserts that the Defendants took her off work, without pay, on September 12, 2013 until "she got a letter from her doctor," (*id.* at ¶ 9(nn)), and that she "was told that if she had another asthma attack at work she would lose her job," (*id.* at ¶ 9(qq)). She claims that she

3

"was denied the right to return to work to perform her job duties as deputy jailer, since she exercised her rights and filed charges." (*Id.* at ¶ 9(mmm).) She was terminated from her position as Deputy Jailer on March 21, 2014. (*Id.* at ¶ 9(vvv).)

Johnson filed a second charge with the EEOC, alleging discrimination, on November 5, 2013. (*Id.* at ¶ 9(sss).) The EEOC dismissed Johnson's complaints and issued a Right to Sue Notice on March 11, 2016. (*See* Ex. 1 to Compl., ECF No. 1-1.) However, Johnson avers that she did not receive the Notice until April 22, 2016. (Compl. ¶ 7, ECF No. 1.) She filed the instant suit on July 15, 2016, within 90 days of receiving the Notice. (*See id.*) Accepting Johnson's allegations as true for the purposes of deciding the Defendants' motion to dismiss, Johnson timely filed her complaint.

In her complaint, Johnson alleges that the Defendants discriminated against her because of her sex and that they retaliated against her in violation of Title VII. (*Id.* at ¶ 8, ECF No. 1.) She seeks compensation for lost wages and emotional distress. (*Id.* at ¶ 11.)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Johnson's complaint states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is

required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come

before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. <u>Johnson's Gender Discrimination Claim</u>

In her complaint, Johnson alleges that the Defendants discriminated against her on the basis of her sex. (Compl. ¶ 9, ECF No. 1.) Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a). To establish a *prima facie* case of gender discrimination, a plaintiff is required to show that: (1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably. *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004); *see also Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010). In order to demonstrate that the employer subjected the plaintiff to an adverse employment action, the plaintiff must show that the defendant "changed the terms or conditions of her employment in a way that was materially adverse to her." *Hollins v. Atl. Co.*, 188 F.3d 652, 662 (6th Cir. 1999). The change must be more than a mere convenience; it must be of the magnitude of a termination

of employment, a demotion, a decrease in salary, a material loss off benefits. *Id.* (citing *Crady Liberty Nat'l Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir. 1993)).

Johnson has not pled any facts to establish a *prima facie* case of gender discrimination. Johnson is a female, so she is a member of a protected group. In reference to the second prong, Johnson cursorily states that male employees were allowed to take breaks on July 23, 2013, but she was not allowed to take a break. (Compl. ¶¶ 9(r)-(w)). However, she indicates that she "was denied a break because of the use of razor orange to strip and wax the floors." (*Id.* at ¶ 9(s)). Johnson repeats throughout her complaint that "razor orange," a cleaning solution, is dangerous to her health. (*See id.* at ¶¶ 9(bb), (dd), (ee), (jj)-(nn).) Accordingly, it appears as though Johnson's superiors denied her a break in an effort to protect her from the effects of "razor orange;" Johnson has offered no facts indicating that she was denied a break based on her gender. Thus, Johnson's gender discrimination claim must fail as a matter of law.

C. Johnson's Retaliation Claim

In her complaint, Johnson also alleges that she was retaliated against because she filed complaints with the THRC and the EEOC. (Compl. ¶ 9(mmm), ECF No. 1.) To state a claim of retaliation under Title VII, Johnson must allege that: (1)

8

she acted in a manner protected by Title VII; (2) the Defendants knew of this exercise of protected activity; (3) the Defendants subsequently took an adverse action against Johnson, or she was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) the adverse action had a causal connection to the protected activity. *Lundy v. Gen. Motors Corp.*, 101 F. App'x 68, 73 (6th Cir. 2004). There are two types of "protected activity" for purposes of a Title VII retaliation claim: (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII, and (2) making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). "To demonstrate a causal connection between a materially adverse action . . . and the exercise of protected rights, a plaintiff must proffer evidence sufficient to raise the inference that [the] protected activity was the likely reason for the adverse action." *Lindsey v. Whirlpool Corp.*, 295 F. App'x 758, 769 (6th Cir. 2008)(citation and internal quotation marks omitted).

Johnson satisfies the first element because she alleges that she filed complaints with the EEOC. (Compl. ¶ 9(mmm), ECF No. 1.) However, she alleges no facts showing that the Defendants knew about her complaints with the EEOC. Johnson conclusorily states that she "was denied the right to return to work to perform her job duties as deputy jailer, since she

exercised her rights and filed charges [with the EEOC]." (*Id.*) Under *Iqbal*, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. As such, Johnson's retaliation claim must fail as a matter of law.

III. RECOMMENDATION

For the foregoing reasons, this court recommends that Johnson's Title VII claims against the Defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Respectfully submitted this 27th day of December, 2016.

s/Diane K. Vescovo_____
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.